## SEPTEMBER TERM, 1891.

### Cooper v. Perry, Adm'r.

1. ADMISSIBILITY OF DISSERVING LETTERS OF DEFENDANT.— Letters written a creditor in his life-time by a debtor, containing disserving admissions, are competent evidence against the latter in an action against him by the administrator of the creditor, after his decease, without accounting for their custody during the interval. Proof that the letters are genuine, is all that can be required.

2. COUNTER-CLAIM — BURDEN OF PROOF — VERDICT.— The burden of proof being upon the defendant to establish his counter-claim or defense, a verdict of a jury in favor of the plaintiff, where the evidence is conflicting and tends to overthrow the defense, will not be disturbed.

*Appeal from District Court of Arapahoe County.*

Mr. W. WILLE BIRD, for appellant.

Messrs. PENCE & PENCE, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Appellee, John A. Perry, as administrator of the estate of J. S. Fretz, deceased, brought this action against Thomas J. Cooper, appellant. The suit is on a promissory note for $2,500, given by Cooper and payable to J. S. Fretz or order. The note is dated July 5, 1882, and bears interest at the rate of ten per cent. per annum.

Appellant's defense is based upon the claim that in 1878 he performed services for which Fretz agreed to pay him $2,500, the amount to be paid only out of a certain judgment when collected. Signing an attachment bond in a suit then pending in one of the courts in this state, and appearing as a witness in said suit upon two trials, constituted

the services rendered, appellant paying his own expenses from his home in Chicago to Denver, the place of trial, and return upon both occasions.

In explanation of the fact that the note bears a date subsequent to the time at which the judgment rendered in the attachment suit was satisfied, it is claimed that appellant met Fretz on the day of the date of the note and demanded of him payment of the $2,500; that Fretz refused payment, alleging as a reason for such refusal that the judgment had not yet been paid, and that appellant, not knowing that the judgment had been paid, borrowed the $2,500 of Fretz, giving his note therefor, which is the same note here declared upon.

The due execution and delivery being admitted at the trial, the defendant, Cooper, introduced evidence tending to prove the above defense. To overthrow this, appellee offered in evidence certain letters written by appellant to Fretz during his life-time. These letters strongly tend to show that the defense was false in fact, and not interposed in good faith.

The first error presented for our consideration relates to the admission of the letters in evidence, the objection being that their custody was not sufficiently accounted for. The assignment is entirely without merit. It is shown beyond controversy that the signature of Mr. Cooper was genuine and that the letters themselves were in his handwriting. Under these circumstances it was not necessary to account for their custody, although, as a matter of fact, the record shows that even this was attempted in this instance. Without such a showing the letters were properly admissible. No rule of evidence is better settled than that letters, written by a party to the action, containing self-disserving admissions, are competent evidence against him.

The case below was tried to a jury. No fault is found with the instructions of the court. It is claimed, however, that the verdict of the jury is contrary to the evidence. The evidence in the case is quite conflicting. The burden

..of proving the defense interposed rested upon defendant. In addition to his written admissions, as stated, many circumstances appear tending to overthrow his defense. It was the peculiar province of the jury, under the circumstances, to decide upon the conflicting evidence. We see no reason to interfere with the conclusion reached. The judgment is accordingly affirmed.

*Affirmed.*